## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: RESTRAINT OF ALL ASSETS HELD IN THE NAME OF MARIO MARIANO FARO, LABCARE & SUPPLIES CORPORATION, AND MEDISCIENTIFIC CORPORATION: | ) ) ) ) ) ) |
| | Misc. No.: |
| ACCOUNT ▮▮▮▮▮7342 IN THE NAME OF MARIO MARIANO FARO AT WACHOVIA BANK, CHARLOTTE, NORTH CAROLINA; | ) ) ) |
| ACCOUNT ▮▮▮▮▮7801 IN THE NAME OF LABCARE & SUPPLIES CORPORATION AT BANK OF AMERICA, NEW YORK; | ) ) ) ) |
| FUNDS HELD FOR THE BENEFIT OF MARIO MARIANO FARO AT PERFORMANCE MARINE, KEY LARGO, FLORIDA. | ) ) ) ) ) ) |

Case: 1:08-mc-00372
Assigned To : Urbina, Ricardo M.
Assign. Date : 6/10/2008
Description: Miscellaneous

## EX-PARTE APPLICATION OF THE UNITED STATES FOR A RESTRAINING ORDER PURSUANT TO 28 U.S.C. § 2467(d)(3)(B)(ii) and STATEMENT OF POINTS and AUTHORITIES IN SUPPORT THEREOF

The United States of America, by and through its undersigned attorneys, respectfully

requests that this Court issue a Restraining Order pursuant to 28 U.S.C. §§ 2467(d)(3)(A),

(d)(3)(B)(ii), and 18 U.S.C. § 983(j) to enforce foreign restraining orders issued by the Court of

First Instance and Public Prosecutor of Aruba, to freeze assets held for the benefit of Mario

Mariano Faro, Labcare & Supplies Corporation, and Mediscientific Corporation, who are under

investigation for fraud, forgery, embezzlement, and money laundering violations in Aruba.  In

accordance with U.S. treaty obligations, this Application seeks the restraint of assets located in

1

the United States in order to preserve their availability in anticipation of the receipt of a final

judgment of forfeiture from the Aruban Court for enforcement pursuant to 28 U.S.C. § 2467(b).

## I.    JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2467.  Venue is

proper in this Court pursuant to 28 U.S.C. § 2467(c)(2)(B), which provides, in relevant part, that

"venue shall lie in the district court for the District of Columbia . . . ." *Id.*

## II.    APPLICATION

The United States seeks a Restraining Order to preserve the following property for

forfeiture (hereinafter the "Property"):

All assets held in the name of Mario Mariano Faro at:

(a)    Account ▉▉▉▉7342 held at Wachovia Bank, Charlotte, North Carolina;

(b)    All funds held for the benefit of Mario Mariano Faro at Performance
Marine, Key Large, Florida.

All assets held in the name of Labcare & Supplies Corporation at:

(a)    Account ▉▉▉▉7801 held at Bank of America, New York.

These assets are subject to restraining orders issued by the Public Prosecutor of Aruba on

March 17 and April 15, 2008, in connection with the investigation and prosecution of Mario

Mariano Faro ("Faro") for acts of fraud, racketeering, and money laundering in violation of

Aruban Law.  This Court is empowered to "register and enforce a restraining order that has been

issued by a court of competent jurisdiction in the foreign country and certified by the Attorney

General pursuant to" 28 U.S.C. § 2467(b)(2).[1]  Here, the Assistant Attorney General has properly

---

[1] The Attorney General delegated this authority under section 2467 to the Assistant
Attorney General for the Criminal Division pursuant to order number 2820-2006.  Att'y Gen.

certified the Aruban orders for enforcement in the interest of justice on June 10, 2008. True and correct copies of the Aruban Restraining orders, the court order authorizing the financial investigation, and their English translations are attached as Exhibit A and a true and correct copy of the Assistant Attorney General Certification is attached as Exhibit B.

Accordingly, the United States respectfully requests that this Court issue a Restraining Order pursuant to 28 U.S.C. § 2467(d)(3)(B)(ii) and 18 U.S.C. § 983(j) and that such Order remain in place until forfeiture proceedings in Aruba have been concluded. A proposed order is attached.

## III. STATEMENT OF POINTS AND AUTHORITIES

Under 28 U.S.C. § 2467(d)(3)(B)(ii), this Court has the authority to enforce a foreign restraining order issued in connection with forfeiture proceedings in another country, provided that the U.S. Assistant Attorney General has certified a request from the foreign nation for enforcement of the order in the interest of justice. Because each of the statutory requirements for enforcement have been met, this Court should issue the requested restraining order pending the outcome of the forfeiture proceedings in the Aruban Courts.

### A. FACTUAL BACKGROUND

On December 21, 2007, Aruban authorities transmitted a formal legal assistance request through the U.S. Department of Justice's Office of International Affairs seeking the restraint of Faro's property in the U.S. in accordance with the Treaty Between the Government of the United States of America and the Kingdom of the Netherlands on Mutual Legal Assistance in Criminal Matters (the "MLAT"), which was entered into force on September 15, 1983, S. Treaty Doc. No.

---

Order 2820-2006, *available at* http://www.usdoj.gov/ag/readingroom/ag2820-2006.pdf

3

97-16 (1981).[2]  The assets located included funds in bank accounts and the proceeds of the sale of the boat for a total of approximately $250,000.  The United States applied for a restraining order under 18 U.S.C. §984(b) before a Magistrate judge in the Southern District of Florida, who granted the request pending our receipt of documents from Aruban officials.  The court subsequently extended the order on two occasions, which expired on June 4, 2008.  In the interim, the Aruban Public Prosecutor obtained restraining orders on March 17 and April 15, 2008, which they seek to have enforced.[3]  The United States now seeks to give effect to those orders, and in support of that request,  alleges the following facts:

This request arises from an Aruban investigation regarding embezzlement, fraud, and money laundering operations allegedly carried out by Faro.

Faro was employed as the Head of the Credit Department at the Aruba State Laboratory.  As the Head of the Credit Department, Faro was authorized to purchase medical supplies and make corresponding payments to vendors.  In addition to his employment with the Aruba State Laboratory, Faro was the managing director of two "shell" corporations, Labcare & Supplies Corporation ("Labcare") and Mediscientific Corporation ("Mediscientific"), both incorporated under the laws of Florida.

---

[2] As one of three countries within the Kingdom of the Netherlands, Aruba is party to the MLAT between the United States and Kingdom of the Netherlands. S. Treaty Doc. No. 97-16 (1981).

[3] Pursuant to Section 177c of the Aruban Code of Criminal Procedure, once an Examining magistrate authorizes the commencement of a financial investigation, the Public Prosecutor is permitted to order the restraint of property that will be subject to forfeiture. In this instance, the Examining Judge approved the financial investigation on January 11, 2008, and the Public Prosecutor issued restraining orders on March 17 and April 15, 2008.

4

In September 2007, the Aruban State Laboratory conducted an internal investigation that revealed that, from 2002 through September 2007, Faro had directed check payments of approximately $2,855,291.44 to Labcare and Mediscientific for the purchase of medical equipment that neither company actually delivered to the laboratory. Further investigation revealed that Faro had disguised these transactions by using purchase order numbers that were the same as other legitimate and unrelated purchases.

Investigations have revealed that Faro laundered and transmitted the proceeds of these fraudulent sales to personal and corporate bank accounts located in the United States. These accounts include: (1) a corporate account for Labcare & Supplies Corporation at Bank of America, Account No. ████████7801; (2) a personal account at Wachovia Bank, Account No. ████████7342. In addition to the above bank accounts, Faro purchased a boat with the proceeds from the previously mentioned criminal acts. Just before his arrest, Faro asked Performance Marine of Key Largo, Florida to sell the boat on his behalf. Performance Marine continues to hold the proceeds from the sale of the boat.

**B.    ARGUMENT**

1.    <u>This Court has Authority to Enforce Foreign Restraining Orders that the Assistant Attorney General has Certified for Enforcement</u>

Pursuant to 28 U.S.C. § 2467, Federal Courts are authorized to enforce a foreign judgment of forfeiture obtained in connection with forfeiture proceedings in another country, upon application of the United States seeking enforcement, "as if the judgment had been entered by a court in the United States." 28 U.S.C. § 2467(c)(i). This provision enables the U.S. to

comport with treaty obligations requiring it to freeze, seize, and forfeit proceeds and instrumentalities of foreign crimes. Additionally, reciprocity is a basic tenet in international cooperation and if the United States is to expect other nations to enforce orders issued by U.S. courts, it must have legislation to render reciprocal assistance to foreign tribunals.

2.    The Requirements For Recognizing a Foreign Restraining Order Have Been Met

As set forth below, four elements must be met for the enforcement of a foreign restraining order under § 2467: (1) the United States and the foreign nation must be parties to an international agreement providing for mutual forfeiture assistance; (2) the conduct giving rise to forfeiture under foreign law must constitute conduct that would give rise to forfeiture if committed in the United States; (3) the foreign restraint order must have been issued by a court of competent jurisdiction in the foreign nation; and (4) the Attorney General, in the interest of justice, must have certified the order for enforcement. 28 U.S.C. § 2467(a)(1)-(2), (d)(3). Because each of these elements is met, this Court should enforce the Aruban orders and issue the requested Restraining Order.

First, under 28 U.S.C. § 2467(a)(1), a final order of forfeiture can only be enforced if it is the subject of a request from "a foreign jurisdiction with which the United States has a treaty or other formal international agreement in effect providing for mutual forfeiture assistance . . . ." Id. The United States and Aruba are treaty partners to the Mutual Legal Assistance Treaty. Because Article 6 of the MLAT provides for mutual assistance in forfeiture matters, the first criterion for issuance of a Restraining Order is met.

Second, to be enforceable, a final foreign forfeiture judgment must order the forfeiture of property based on conduct that "would constitute a violation or offense for which property could

6

be forfeited under Federal law if the offense were committed in the United States." 28 U.S.C.

§ 2467(a)(2)(A). This dual "forfeitability" requirement ensures that a final judgment sought for

enforcement is consistent with the type of offenses for which Congress has authorized forfeiture

under U.S. law. Here, the Aruban restraining order was issued in connection with the

investigation and prosecution of conduct constituting fraud, forgery, embezzlement, and money

laundering in violation of Sections 230, 339, 375, 335, and 430b of the Aruban Criminal Code.

Additionally, the request describes conduct that, had it occurred in the United States, would

constitute violations of 18 U.S.C. §§ 1956 (money laundering), 2314 (interstate transportation of

property stolen or taken by fraud), and 1952 (interstate and foreign travel or transportation in aid

of racketeering enterprises). Property involved in such U.S. offenses are subject to forfeiture

pursuant to 18 U.S.C. § 981(a)(1)(C) as the proceeds of "specified unlawful activity," This

satisfies the second criterion for enforcement because the conduct alleged to have been

committed by Faro would give rise to forfeiture in both countries.

Third, pursuant to Section 177c of the Aruban Code of Criminal Procedure, once an

Examining Judge permits the Public Prosecutor to begin a financial investigation, the Public

Prosecutor is authorized by statute to order the restraint of property that will be subject to

forfeiture. While this process differs from U.S. procedure, a court of competent jurisdiction must

authorize the actual investigation before the Public Prosecutor has the ability to freeze or restrain

assets. Looking at the attached orders, the Public Prosecutor requested permission to begin a

financial investigation into Faro and the Examining Judge signed the order. Accordingly, the

third criterion for enforcement is met.

Fourth, the Aruban Restraining Order was certified by the Assistant Attorney General on June 10, 2008. *See* Exhibit B. The Assistant Attorney General determined that enforcement of the attached Restraining Orders is in the interest of justice. *See* 28 U.S.C. § 2467(b)(2). Such determinations are not subject to review. *Id.* Thus, the fourth criterion for enforcement is met, and ample justification exists for enforcement of the attached Restraining Orders in the United States.

8

## IV.    CONCLUSION

For the reasons set forth above, the United States respectfully requests that this Court enforce the Aruban Restraining Orders, consistent with U.S. treaty obligations under the MLAT between the Governments of the United States and the Kingdom of the Netherlands, by entering the attached restraining order against the captioned property pursuant to this Court's authority under 28 U.S.C. § 2467(d)(3)(B)(ii) and 18 U.S.C. § 983(j).  The United States further asks that it be permitted to serve the Order by facsimile transmission to the affected financial institutions. The United States will promptly request, through the appropriate legal assistance channels, that those individuals and entities with an apparent interest in the property be provided with notice and a copy of this Court's Order.

Respectfully submitted,

RICHARD WEBER
CHIEF, ASSET FORFEITURE AND MONEY
    LAUNDERING SECTION



LINDA M. SAMUEL  (DC Bar #388970)
Deputy Chief
ROBERT STAPLETON (New York Bar #4076568)
Trial Attorney
Asset Forfeiture and Money
    Laundering Section
Criminal Division
United States Department of Justice
1400 New York Avenue, N.W., 10th Floor
Washington, D.C. 20530
Telephone:  (202) 514 1263

Attorneys for Applicant
UNITED STATES OF AMERICA

9

Exhibit A

21-MAY-2008  13:33   FROM-OPENBAAR MINISTERIE ARUBA        +297 5214101        T-989   P.003   F-297

## OPENBAAR MINISTERIE

**VORDERING MACHTIGING STRAFRECHTELIJK FINANCIEEL ONDERZOEK**
Art., 177a WvSv

**parketnummer: -**

Aan de rechter-commissaris belast met de behandeling van strafzaken bij het gerecht in eerste aanleg van Aruba;

VORDERING MACHTIGING STRAFRECHTELIJK FINANCIEEL ONDERZOEK

De officier van justitie te Aruba

**overwegende**     dat uit bijgevoegd proces-verbaal d.d. 8 januari 2008 blijkt dat ten aanzien van:

| | | |
|---|---|---|
| naam | : | **FARO** |
| voornamen | : | **Mario Mariano** |
| geboren op | : | **12 november 1954 in Aruba** |
| wonende te | : | **Aruba** |
| adres | : | **Sabana Liber 35** |

de verdenking bestaat dat deze zich heeft schuldig gemaakt aan overtreding van de hierna te noemen wetsartikelen, te weten:

artikel 230 van het Wetboek van Strafrecht (valsheid in geschrifte); en/of
artikel 339 van het Wetboek van Strafrecht (oplichting); en/of
artikel 375 van het Wetboek van Strafrecht (verduistering door ambtenaar); en/of
artikel 335 van het Wetboek van Strafrecht (verduistering in dienstbetrekking); en/of
artikel 430b van het Wetboek van Strafrecht (witwassen);

**overwegende**     dat één of meer van deze feiten een misdrijf betreft waarop naar de wettelijke omschrijving een gevangenisstraf van vier jaar of meer is gesteld en/of een misdrijf betreft waardoor op geld waardeerbaar voordeel van enig belang kan zijn verkregen;

**van oordeel**     dat derhalve het instellen van een strafrechtelijk financieel onderzoek, ter bepaling van de omvang van het door de verdachte wederrechtelijk verkregen voordeel met het oog op de ontneming daarvan op grond van artikel 38e van het Wetboek van Strafrecht van Aruba, noodzakelijk moet worden geacht;

**overwegende**     dat ter zake van de strafbare feiten nog geen strafzaken ter terechtzitting aanhangig zijn gemaakt en nog geen voorwerpen in conservatoir beslag zijn genomen;

**gezien**     artikel 38e van het Wetboek van Strafrecht van Aruba, alsmede artikel 177a van het Wetboek van Strafvordering van Aruba;

**vordert**            dat de rechter-commissaris machtiging verleent tot het instellen van een strafrechtelijk financieel onderzoek.

Aruba, 8 januari 2008

De officier van justitie,

mr. D.E. Kruimel

..................................................................................................................................

## MACHTIGING STRAFRECHTELIJK FINANCIEEL ONDERZOEK

De rechter-commissaris voornoemd,

Verleent hierbij op de gronden als aangegeven in de vordering van de officier van justitie, de machtiging tot het instellen van een strafrechtelijk financieel onderzoek als door de officier van justitie gevorderd.

Aruba,... /./. januari...2008

De rechter-commissaris

 

21-MAY-2008  13:34    FROM-OPENBAAR MINISTERIE ARUBA          +297 5214101          T-999  P.008/015  F-297

A. H. Stronks
Member of The Netherlands Society of Interpreters and Translators





# PUBLIC PROSECUTIONS DEPARTMENT

## DEMAND FOR AUTHORIZATION CRIMINAL FINANCIAL INVESTIGATION

**public prosecutor's office number: -**

To the Examining Judge in charge of criminal matters in the Court of First Instance of Aruba;

DEMAND FOR AUTHORIZATION CRIMINAL FINANCIAL INVESTIGATION.

The Public Prosecutor in Aruba

**taking into consideration**

that it appears from the attached official report dated January 8, 2008, that against:

| | |
|---|---|
| name | **FARO** |
| given names | **Mario Mariano** |
| born in | **Aruba on November 12, 1954** |
| living in | **Aruba** |
| address | **Sabana Liber 35** |

there is the suspicion that he is guilty of an offense against the sections of the law to be mentioned hereinafter, namely:

section 230 of the Criminal Code (forgery); and/or
section 339 of the Criminal Code (fraud); and/or
section 375 of the Criminal Code (embezzlement by civil servant); and/or
section 335 of the Criminal Code (embezzlement in the course of the employment); and or
section 430b of the Criminal Code (money laundering);

ARUBA: Seroe Blento 17-A, P.O. Box 1031, Oranjestad. Tel.: (297) 585-8512, Fax: (297) 585-8002,
E-mail: strotran@setarnet.aw





**taking into consideration**

that one or more of these offenses concern a criminal offense that, pursuant to the statutory description, is made punishable by imprisonment of four years or more, and/or concerns a criminal offense by which a profit or advantage of any significance capable of being expressed in money may have been obtained;

**is of the opinion**

that therefore the institution of a criminal financial investigation in order to determine the magnitude of the profit or advantage illegally obtained by the suspect has to be deemed necessary with a view to the deprivation thereof pursuant to section 38e of the Criminal Code of Aruba;

**taking into consideration**

that no criminal proceedings have been instituted in court as regards the offenses as yet, and no objects have been seized before judgment as yet;

**having seen**

section 38e of the Criminal Code pf Aruba, as well as section 177a of the Code of Criminal Procedure of Aruba;

**demands**

that the Examining Judge grants authorization to institute a criminal financial investigation.

Aruba, January 8, 2008

*[was signed:]*
The Public Prosecutor,

*mr.* D.E. Kruimel

..............................................................................................................

AUTHORIZATION CRIMINAL FINANCIAL INVESTIGATION

The Examining Judge aforementioned,



hereby grants, on the grounds as indicated in the demand of the Public Prosecutor, the authorization to institute a criminal financial investigation as demanded by the Public Prosecutor.

Aruba, January 11, 2008

The examining judge

[was signed: illegible]

[two stamps with 2 signatures: illegible]



**OPENBAAR
MINISTERIE
ARUBA**

Parket Officier van Justitie Aruba

Havenstraat 2

Oranjestad

Aruba

Bevel tot inbeslagneming (artikel 119a Wetboek van Strafvordering)

De officier van justitie in Aruba, wenst, met toepassing van artikel 119a e.v. van het Wetboek van Strafvordering, beslag te doen leggen als bedoeld in artikel 119 van het wetboek van strafvordering, tot bewaring van het recht tot verhaal, welk beslag wordt gelegd op grond van de afgegeven machtiging strafrechtelijk Financieel onderzoek d.d. 11 januari 2008

Dit conservatoire beslag dient gelegd te worden tot bewaring van het recht tot verhaal voor een naar aanleiding van een misdrijf door de rechter op te leggen verplichting tot betaling van een geldbedrag aan het Land Aruba ter ontneming van het door verdachte wederrechtelijk verkregen voordeel (voordeelsbeslag)

Het beslag dient tot verhaal van :  afl 5.139.524,60 ($ 2,855,291.44)

Dit bedrag is gelijk aan het bedrag waarop het wederrechtelijk verkregen voordeel thans wordt geschat.

Het beslag wordt gelegd onder een derde op de volgende voorwerpen

- op de eventuele tegoeden van verdachte op de bankrekeningen ████████7342, lopende bij Wachoviabank

Ten laste van de verdachte:
Mario Mariano Faro

Geeft de opdracht de inbeslaggenomen voorwerpen te laten bij beslagene
De officier van justitie
Mr.D.E. Kruimel

Datum:
03





**OPENBAAR**
**MINISTERIE**
**ARUBA**

Public prosecutors office

Havenstraat 2

Oranjestad

Aruba

Restraint Order (section 119a Code of Criminal Procedure)

The public Prosecutor of Aruba, wishes, with application of section 119a et seq of the code of Criminal Procedure, to conduct a seizure as referred to in section 119a of the Code of Criminal Procedure in order to protect the right of recourse, which seizure is carried out on the basis of the issued authorization for a financial criminal investigation d.d. January 11th 2008.

This prejudgement seizure must be carried out in order to protect the right of recourse regarding an obligation –to be imposed by he court as a result of the criminal offence- to pay an amount of money to the State of Aruba in order to confiscate the illegally obtained assets of the suspect (seizure of illegally obtained assets)

The seizure serves recovery of an amount of afl 5,139,524,80 ( $ 2,855,291.44)

This amount is equal to the amount that the illegally obtained assets are presently estimated at.

The seizure is carried out in respect of a third party with regard to the following objects;

Any claims of the suspect against bankaccount ███████7342 of the Wachovia Bank

Regarding the suspect

Mario Mariano Faro

Orders to leave the seized objects with the judgement debtor

Date:

The public prosecutor

Mrs D.E. Kruimel

(eng.03)



OPENBAAR
MINISTERIE
ARUBA

Parket Officier van Justitie Aruba

Havenstraat 2

Oranjestad

Aruba

Bevel tot inbeslagneming (artikel 119a Wetboek van Strafvordering)

De officier van justitie in Aruba, wenst, met toepassing van artikel 119a e.v. van het Wetboek van Strafvordering, beslag te doen leggen als bedoeld in artikel 119 van het wetboek van strafvordering, tot bewaring van het recht tot verhaal, welk beslag wordt gelegd op grond van de afgegeven machtiging strafrechtelijk Financieel onderzoek d.d. 11 januari 2008 en 15 april 2008

Dit conservatoire beslag dient gelegd te worden tot bewaring van het recht tot verhaal voor een naar aanleiding van een misdrijf door de rechter op te leggen verplichting tot betaling van een geldbedrag aan het Land Aruba ter ontneming van het door verdachte wederrechtelijk verkregen voordeel (voordeelsbeslag)

Het beslag dient tot verhaal van : afl 5.139.524,60 ($ 2,855,291.44)

Dit bedrag is gelijk aan het bedrag waarop het wederrechtelijk verkregen voordeel thans wordt geschat.

Het beslag wordt gelegd onder een derde op de volgende voorwerpen

- op de eventuele tegoeden van verdachte op de bankrekeningen ███████7801, lopende bij Bank of America

Ten laste van de verdachte:
Labcare $ Supplies Corporation

Geeft de opdracht de inbeslaggenomen voorwerpen te laten bij beslagene

De officier van justitie
Mr D.C. Kruimel,

Datum:  15/4/08
(01)



**OPENBAAR**
**MINISTERIE**
**ARUBA**

Public prosecutors office

Havenstraat 2

Oranjestad

Aruba

Restraint Order (section 119a Code of Criminal Procedure)

The public Prosecutor of Aruba, wishes, with application of section 119a et seq of the code of Criminal Procedure, to conduct a seizure as referred to in section 119a of the Code of Criminal Procedure in order to protect the right of recourse, which seizure is carried out on the basis of the issued authorization for a financial criminal investigation d.d. January 11th 2008 and April 15th 2008

This prejudgement seizure must be carried out in order to protect the right of recourse regarding an obligation –to be imposed by he court as a result of the criminal offence- to pay an amount of money to the State of Aruba in order to confiscate the illegally obtained assets of the suspect (seizure of illegally obtained assets)

The seizure serves recovery of an amount of afl 5.139.524,60 ( $ 2,855,291.44)

This amount is equal to the amount that the illegally obtained assets are presently estimated at.

The seizure is carried out in respect of a third party with regard to the following objects;

Any claims of the suspect against bankaccount ███████7801 of the Bank of America

Regarding the suspect

Labcare & Supplies Corporation

Orders to leave the seized objects with the judgement debtor

Date: 15/4/08

The public prosecutor

Mrs D.E. Kruimel

Eng 01

Exhibit B



**U.S. Department of Justice**

Criminal Division

_Washington, D.C. 20530_

## ASSISTANT ATTORNEY GENERAL DECISION

**DECISION:**

In accordance with 28 U.S.C. § 2467(b)(2) and the Attorney General's delegation of authority to the Assistant Attorney General for the Criminal Division, I hereby find that it is in the interest of justice to CERTIFY the request of the Government of Aruba for enforcement of the March 17 and April 15, 2008 orders of the Public Prosecutor of Aruba restraining the assets of MARIO MARIANO FARO, LABCARE & SUPPLIES CORPORATION, and MEDISCIENTIFIC CORPORATION. A copy of the Aruban court order authorizing the restraining orders, the restraining orders, and an English translation of those documents are attached.

_Matthew W. Friedrich_
**Matthew W. Friedrich**
**Acting Assistant Attorney General**
**Criminal Division**

6/10/08
Date